GARCÍA v. FERNÁNDEZ.

APPEAL from the District Court of San Juan.

No. 34.—Decided February 25, 1905.

UNLAWFUL DETAINER—FAILURE TO PAY STIPULATED RENT.—Failure on the part of the lessee to pay the rent stipulated in a contract of lease is a ground for the action of unlawful detainer.

ID.—WHEN RENTAL BECOMES DUE—TOLERANCE OF LESSOR WITH RESPECT TO OTHER LESSEES—CUSTOM OF THE LOCALITY.—Where the price of a lease of real estate has been fixed at a monthly rental it must be considered that the rent is due on the first of each month and ends on the last day of each month, and the lessee will be considered to owe the monthly rental at the end of each month; and where it is agreed that the lessee is bound to deliver the rental without any requirement other than the presentation of a proper receipt by the creditor, the tolerance of the creditor with respect to other lessees in the collection of rent, or the custom in regard to such collection in the locality, can in no wise alter the conditions of the contract entered into.

ID.—DEPOSIT—REQUISITES THEREFOR.—In order that a deposit made with a judicial officer may be considered effective and free the obligee from liability, it is necessary that the amount deposited shall have been previously offered to the creditor and that he shall have refused to accept the same, and that he shall have been duly notified of such deposit.

The facts are set forth in the opinion.

*Messrs. Díaz* and *Texidor,* for appellant.

*Mr. Moraza,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 4 of last year, Guillermo García Mayo brought an action of unlawful detainer in the District Court of San

Juan against Policarpo Fernández, on the ground that the latter had not as yet paid on the date mentioned the sum of $30, being the rent for the preceding month of certain apartments on the first floor of house No. 1, San José street, in this capital, of which the former was the owner. At the hearing of the oral trial prescribed by the law of Civil Procedure then in force, Policarpo Fernández contested the complaint on the ground of the alleged cause of dispossession being untrue, as the rent money referred to had been deposited in the Cathedral Municipal Court in view of the fact that the lessor had refused to accept it in due time; and in support of his opposition Fernández alleged that as Guillermo García had not collected from him on March 31, as he had done with the other tenants, the rent for a part of the lower floor of house No. 1, San José street, which he held in lease, he offered said García the amount of the rent due for said month, which García did not receive under the pretext that he did not have the receipt with him. Said receipt was not sent to him later, for which reason he proceeded to the Cathedral Municipal Court and deposited on said March 31 the $30 due for said month, requesting that García should be summoned to receive the same. The action of unlawful detainer was brought four days after the amount of the rent had been tendered and deposited in court.

The evidence produced at the trial shows:

1. That by a public instrument executed on January 2, of last year, Constantino Fernández, as the attorney-in-fact of Guillermo García, leased to Policarpo Fernández part of the first floor of house No. 1, San José street, for a term of six years, which was to begin to run on the first day of said month and expire on December 31, 1909, "during which period the lessee shall pay the owner a rent of $30 per month, without any further requisite than the receipt of his representative," according to the second clause of the contract.

2. That on March 31, 1904, Policarpo Fernández deposited

in the Cathedral Municipal Court the sum of $30 as the rent for the house in question during said month, in order that the deposit might be held to have been made in due time and form, and requesting that García should be summoned to appear and receive said sum and deliver the proper receipt. The municipal court granted the petition on the same date. García, on tender to him of the sum deposited, refused to accept it on the ground that he had brought an action of unlawful detainer against Fernández for nonpayment of the rent corresponding to the month of March. He expressed surprise at such deposit, because tender of payment had not been proved, nor was he informed that the deposit had been made. For these reasons he believed that the deposit should not have been accepted and that, even though it had been accepted, it had no legal force whatsoever.

3. That the defendant, Policarpo Fernández, replying to an interrogatory, stated that on March 31, at 10.30 a. m., he had offered the plaintiff García the money for that month's rent, in the hall of the house No. 1 San José street, in the presence of Juan González and Alfredo Suárez, which money García refused to receive under the pretext that he did not have the receipt with him; and upon examination of Juan González and Alfredo Suárez the former stated that he was present on March 31 when Fernández tendered to García the $30 for the rent for said month, and that García refused to accept said sum on the ground that he did not have the receipt with him; and the latter testified that on April 30, he was requested by Fernández to be present when he tendered García the money for the rent of the house, but that he did not remember whether Fernández had made a similar request on March 31.

4. Witnesses Edgardo Aruti, José Lugo and Salvador Mirabel testified as follows: The first named stated that García had commissioned him to collect of Fernández the rent for the month of March; that he tried to collect it on April 2d

without avail, and that Fernández had stated that he would pay it later, and that subsequently he asked him for the receipt, which he could not give to him because he had already returned it to García. The second witness named, that is to say, Lugo, stated that on April 2, before lunch, while in the store belonging to Fernández, García came to collect the rent, Fernández requesting that he leave it until later, as he was busy; and the third witness, Mirabel, testified that on April 2, in the morning, and while he was in the store of Policarpo Fernández, García arrived with the receipt and Fernández requested him to return later as he was then engaged.

5. That of witnesses Esperanza Marín, Robustino Rodríguez, Gregorio Dimas and Juan Cortínez, the first named deposed that she had been living for three or four months in the upper part of García's house, who did not collect the rent the first day of the month, but from the fourth to the sixth; the second, that he lives in García's house, who collects his rent on the fourth or fifth of the month and never on the first; the third, that he never collects the rent of the houses under his charge the last day of the month, but during the first days of the following month, and that he had never sued tenants for failure to pay their rent on the third or fourth; and the fourth, that as a house agent he does not collect on the last day of the month, but during the first days of the following month, this being the general custom.

Other witnesses have appeared in court to impugn the truth of the deposit made by Fernández on March 31; but the merit of their statements need not be considered in deciding this appeal.

The District Court of San Juan rendered judgment on June 20 of last year, and on the ground that a failure to pay the price agreed on is a cause for dispossession, and that Fernández in making the tender of payment and the deposit did not comply with the provisions of the Civil Code, sustained the complaint and adjudged Policarpo Fernández to be dis-

possessed and to vacate that part of the house occupied by him at No. 1 San José street, in this city, in the form and within the terms prescribed by the first and third paragraphs of section 1594 of the Law of Civil Procedure, with the costs against him.

Policarpo Fernández appealed from this decision, and in his written argument before this Supreme Court, after relating the facts appearing in the record of the case, stated: "The reasons or legal points upon which the appeal taken is based are the following: (1) The plaintiff did not have, nor has he, any cause of action in this case." It is true that a failure to pay the price stipulated in a lease contract constitutes a ground for dispossession, according to article 1561 of the Law of Civil Procedure formerly in force. But failure to pay, at what time? In the question of a contract of lease under which the rent is payable monthly, are we to understand that the payment must be made exactly on the last day of every month, when the contract stipulates nothing specific in this respect? We believe not. We believe that in such cases, as section 1155 of the Civil Code provides only that the lessee is obliged to pay the rent under the terms stipulated; and if nothing has been stipulated in this respect, the customs of the place should be followed, in accordance with the provisions of the second paragraph of section 6 (7), of the Civil Code. And this being the case, the very evidence produced by the other party shows, by the statements of his witnesses, Robustino Rodríguez, Gregorio Dimas and Juan Cortínez, that in this city it is not the custom to collect rents monthly exactly on the last day of the month, but during the first days of the following month, Robustino Rodríguez adding that the very plaintiff himself, García, was in the habit of collecting on the fourth or fifth. And if this be so, as the complaint was presented on the fourth day of April for nonpayment of the rent for the preceding month of March, it cannot be alleged that there existed such failure to pay, which is

the ground for the complaint. (2) Apart herefrom, we must add that, in accordance with the provisions of section 1100 of the Civil Code, when obligations arising out of a contract are involved, and the document embodying them does not stipulate otherwise, it cannot be alleged that there is a failure to pay or tardiness until the debt is due, and a debt is not considered to be due until the creditor shall have made a demand for payment of the debtor and the latter has refused payment. This court has so held in a number of decisions. And this being the case, and as the instrument embodying the lease in question does not appear to contain a stipulation as to the time of the payment of the rent, as prescribed by section 1155 of the Civil Code, much less does it provide that the lease shall be considered terminated by the mere fact of the month being at an end, nor has it been established in any manner that the lessee was called on for payment of the rent, it cannot be pleaded that such rent was due at the time the complaint was interposed, nor that, consequently, there was a failure to make payment.

The question to be decided in this appeal is limited to whether the action of unlawful detainer is based on good ground, namely, the non-payment of the rent agreed on, which is the third of the causes enumerated in section 1560 of the Law of Civil Procedure as grounds for an action of unlawful detainer, or, what amounts to the same thing, whether Policarpo Fernández paid in due time the rent of the first floor of house No. 1 San José street, in the city of San Juan, said rent being for the month of March of last year.

It was agreed in the lease executed January 2, 1904, that said contract was for a term of six years, to begin on the first day of January of said year, and, consequently, to end on December 31, 1909. It was also agreed that the lessee would pay the owner $30 per month, without any further requisite than the receipt of his representative. It is deduced herefrom that each monthly payment of rent covers the period

beginning with the first of each month and ending with the last day thereof, and that the lessee must be considered as owing the monthly rent upon the termination of the respective month; and if this be the case, it is also a logical consequence that on the last day of the month of March of last year, Policarpo Fernández was indebted to Guillermo García in the sum of $30, representing the rent of the house for said month.

According to the terms of the contract, the only requisite necessary for the payment of the monthly rent was the receipt for the price of such rent, and this requisite was duly complied with by Guillermo García, as the statements of the witnesses Edgardo Aruti, José Lugo and Salvador Mirabel conclusively show that García desired and endeavored to collect of Fernández, in exchange for the proper receipt, the price of the rent due for the month of March of last year; and as Fernández failed to make the payment, a legal cause arose for the action of unlawful detainer brought against him. The tolerance observed by García toward other tenants in the house with regard to the collection of rent due and the custom which may exist in this city in that respect, do not alter the conditions of the lease contract entered into between García and Fernández.

The appellant has not maintained in the appeal the validity of the deposit alleged to have been made by Fernández; but even though the existence of such deposit on March 31, 1904, were granted, it does not appear that the sum deposited had been previously tendered to García and that the latter had not accepted it; nor does it appear that he was informed of the deposit having been made, for which reason the conditions necessary to free the debtor Fernández of his obligation, in accordance with the provisions of section 1145 of the Civil Code, were absent.

For the reasons stated, the judgment of the court of San Juan rendered on June 20th of last year must be held to con-

form to law and should be affirmed in all its parts, with the costs of the appeal also against Policarpo Fernández.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.